**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2618-24

ALDINA TRANCOSO,

    Plaintiff-Respondent,

v.

BEATA KROWINSKA,

    Defendant-Appellant.

_____

Submitted February 5, 2026 – Decided April 6, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. LT-001355-25.

Beata Krowinska, self-represented appellant.

Respondent has not filed a brief.

PER CURIAM

In this landlord-tenant matter, defendant Beata Krowinska appeals from an April 17, 2025 judgment for possession in favor of plaintiff Aldina Trancoso.

We affirm the judgment for possession, and reverse and remand the calculation of defendant's outstanding rent obligation.

I.

We provide a brief overview of the governing statutes to give context to the issue on appeal. A landlord may remove a residential tenant under the Anti-Eviction Act by establishing one of eighteen enumerated grounds, including nonpayment of rent. N.J.S.A. 2A:18-61.1(a). Defendant admits she failed to pay rent and does not dispute entry of the judgment for possession. At issue here is whether, under N.J.S.A. 46:8-19(c), she was entitled to offset the outstanding balance due by the amount of her security deposit plus interest.

N.J.S.A. 46:8-19(a) and (b) require a landlord who accepts a security deposit to invest or deposit it into an interest-bearing account, depending on the number of rental units held by the landlord. In either case, the landlord is required to provide the tenant written notice of the investment company or bank where the money was invested or deposited, the rate of interest, and the amount of the deposit. N.J.S.A. 46:8-19(c). Pertinent here, the written notice must be provided to the tenant within thirty days of receipt of the security deposit, within thirty days of moving the deposit from one account or institution to another, and at the time of each annual interest payment. N.J.S.A. 46:8-19(c)(1), (2), and (4).

2

Any interest or earnings on the account belongs to the tenant and "shall be paid to the tenant in cash" or "credited toward the payment of rent due," with certain conditions not germane to the issue on appeal. N.J.S.A. 46:8-19(c).

N.J.S.A. 46:8-19(c) further provides:

> If the [landlord] fails to invest or deposit the security money in the manner required under this section or to provide the notice or pay the interest to the tenant as required under this subsection, the tenant may give written notice to [the landlord] that such security money plus an amount representing interest at the rate of seven percent per annum be applied on account of rent payment or payments due or to become due from the tenant, and thereafter the tenant shall be without obligation to make any further security deposit and the [landlord] shall not be entitled to make further demand for a security deposit. However, in the case of a failure by the [landlord] to pay the annual interest or to provide the annual notice at the time of the annual interest payment, if the annual notice is not also serving as a notice of change of account or institution, before the tenant may apply the security deposit plus interest on account of the rent payment or payments due or to become due on the part of the tenant, the tenant shall first give [the landlord] a written notice of [the] failure and shall allow [the landlord thirty] days from the mailing date or hand delivery of this notice to comply with the annual interest payment or annual notice, or both.

II.

The parties entered into a twenty-four-month lease agreement, commencing on August 1, 2023, with a monthly rent of $2,995, secured by a

$4,492.50 deposit. When defendant failed to pay the March 2025 rent, plaintiff filed a verified complaint seeking possession of the property based on nonpayment of rent.[1] At that time, defendant owed $3,202, comprising overdue rent, late fees, and court costs as permitted by the lease.

After the parties were unable to reach a settlement, the court conducted a bench trial on April 17, 2025, during which plaintiff was represented by counsel and defendant was self-represented. Plaintiff testified defendant's outstanding balance at that time was $6,347. Defendant did not dispute she owed rent but maintained the calculation of the balance was incorrect. She asserted she "ha[d] a right to use the [security] deposit toward[ her] rent" pursuant to N.J.S.A. 46:8-19(c) because she did not receive any notice from plaintiff advising her where the security deposit was being held. Defendant stated she served plaintiff with written notice of plaintiff's failure that day.[2]

---

[1] Defendant did not provide the March 2025 complaint on appeal. Her appendix contains a subsequent complaint filed by plaintiff on August 7, 2025, seeking another judgment for possession.

[2] Defendant's written notice alleged plaintiff violated both provisions of N.J.S.A. 46:8-19(c) by not providing defendant the original notice of investment or deposit and also failing to either credit her rent due or pay annual interest. Her appeal focuses on the original notice of investment.

4

The trial judge acknowledged defendant's statutory right to apply the security deposit to her outstanding balance but ruled "the landlord ha[d thirty] days to comply" with the statute after receipt of defendant's written notice. Because defendant delivered the notice to plaintiff the day of trial, the judge found defendant had not complied with the notice provision of the statute. He further noted, even if defendant had provided proper notice and could apply her security deposit to the outstanding balance, it was insufficient to cover the amount due; therefore, plaintiff was entitled to a judgment for possession.[3] Because the judge rejected defendant's argument on procedural grounds, plaintiff's counsel did not address the alleged failure to provide the requisite notices.

## III.

Our review of a court's judgment entered following a bench trial is limited. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). We will defer to "'the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to

---

[3] The trial judge submitted a written amplification pursuant to Rule 2:5-1(d), wherein he reiterated his reliance on N.J.S.A. 46:8-19(c).

offend the interests of justice.'" Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). No deference is owed, however, to the trial court's interpretation of a statute, which we review de novo. Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009).

Defendant alleged plaintiff did not provide her initial written notice of where the security deposit was invested or deposited. Thus, the applicable provision of N.J.S.A. 46:8-19(c) is the one that states, in such cases, "the tenant may give written notice to [the landlord] that such security money plus an amount representing interest at the rate of seven percent per annum be applied on account of rent payment or payments due or to become due from the tenant." Nothing in this provision requires thirty days' notice. The following sentence, which applies when the landlord subsequently fails to pay annual interest or provide the annual notice of an interest payment, requires the tenant to "first give [the landlord] a written notice of [the] failure and shall allow [the landlord thirty] days from the mailing date or hand delivery of this notice to comply with the annual interest payment or annual notice, or both." Ibid.

"We must presume that the Legislature intended the words that it chose and the plain and ordinary meaning ascribed to those words." Paff v. Galloway

Twp., 229 N.J. 340, 353 (2017). Thus, we do not read into a statute language the Legislature could have inserted but declined to include. See Savage v. Twp. of Neptune, 257 N.J. 204, 217-18 (2024).

Having reviewed the record, the judge's amplification, and the governing statute, we are persuaded the judge mistakenly engrafted the thirty-day notice provision from the second sentence into the first. If, as defendant alleged, plaintiff failed to provide, within thirty days of receipt, written notice of where the security deposit was invested or deposited, defendant is entitled to demand the security deposit plus seven percent interest be credited to her outstanding balance. We are therefore constrained to reverse the provision of the order setting forth the amount of rent due and remand the matter for the trial court to decide whether defendant is entitled to a credit towards her outstanding balance and, if so, the amount of the credit.

Affirmed in part; reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2618-24